IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| ANN HERMAN, ) | |
| ) | |
| Plaintiff, ) | CIVIL NO. 2002-163 |
| v. ) | |
| ) | |
| THE BANK OF NOVA SCOTIA and ) | |
| ADONIS MORTON, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO VACATE ORDER DISMISSING CASE

On August 24, 2010, plaintiff Ann Herman moved under Federal Rule of Civil Procedure 60(b) to vacate the Court's Order dated March 20, 2008 ("the March 20, 2008 Order") dismissing this matter with prejudice. In the March 20, 2008 Order the Court stated it "has been advised that this matter has been settled," and provided that the Court "retains jurisdiction for sixty days from the date of this Order to enforce settlement." To properly address the motion to vacate, a review of some of the rather convoluted history of the parties' dealings and of this matter is in order.

Plaintiff Herman entered into a residential mortgage loan transaction with defendant Bank of Nova Scotia in 1994. In 1999, contending that the loan was in default, the Bank initiated foreclosure proceedings against Herman. In 2000, to forestall foreclosure, Herman and the Bank resolved those proceedings through the payment by Herman to the Bank of a set amount, and by the parties entering into a refinance transaction. In December 2002, Herman, represented by Attorney Vincent Frazer, filed this action, alleging that the Bank had misled her as to the amount outstanding on her loan at the time of the foreclosure, and that she had been coerced into

*Ann Herman v. Bank of Nova Scotia, et al.*
Civil No. 2002-163
Report and Recommendation
Page 2 of 9

entering into the new transaction by the Bank and its employee, defendant Morton.

After several years of litigation, on November 5, 2005, the parties entered into a Mediated Settlement Agreement, purporting to settle the instant matter. The Mediated Settlement Agreement provided, among other things, that the parties were to select an auditor to audit plaintiff's mortgage loan account and finally determine the correct balance owed. The parties also agreed to advise the Court of the "pending settlement" and "request that the Court retain jurisdiction . . .pending final settlement." The Agreement provided additional details as to how the audit should be conducted, that it should be paid for by the Bank, and that once the auditor determined the amount, plaintiff could seek an opportunity to refinance the mortgage at the then prevailing rates. In capital letters at the end of the Agreement it states:   "THE PARTIES HAVE READ AND UNDERSTAND THE TERMS OF THIS MEDIATED SETTLEMENT AGREEMENT AND SIGN IT KNOWINGLY AND VOLUNTARILY AND UPON CONSULTATION WITH COUNSEL." Plaintiff, who was still represented by Attorney Frazer, executed the Agreement, as did Attorney Matthew Duensing for the defendants.

About a week later, plaintiff moved through her counsel to set aside the mediated agreement. Plaintiff then withdrew that motion at a hearing on December 2, 2005. The Court memorialized this action by Order entered January 10, 2006. (Dkt. no. 82)

After nothing further was heard from the parties, on April 7, 2006 the Magistrate Judge dismissed the matter without prejudice, stating "the Court retains jurisdiction to vacate this order to reopen the action upon cause shown, no later than sixty (60) days from the date hereof, that settlement has not been completed and further litigation is necessary." (Dkt. no. 83) Plaintiff then moved to vacate the April 7, 2006 Order alleging the mediation process had not been completed, and that the parties agreed the case would not be dismissed "until the Auditor has completed his or her review." (Dkt. no. 84) Three months later, in July 2006, the Magistrate Judge reopend the case. (Dkt. no. 85).

On August 31, 2006, the Magistrate Judge issued an Order that recognized that "counsel had agreed on Ms. Edgecombe as the independent accountant."

In September 2006, Attorney Frazer sought and was granted leave to withdraw as counsel to plaintiff.

Plaintiff then proceeded *pro se*, and the Magistrate Judge held a series of conferences during 2007 dealing with issues related to the selection of the auditor pursuant to the Mediated Settlement Agreement. Plaintiff had proffered an auditor she argued had been agreed to by the Bank, and the Bank argued the auditor was not independent. At the same time, the Bank urged that it either be granted summary judgment on its previously-filed motion, or that the Mediated Settlement Agreement be enforced. On May 18, 2007, the Court held a hearing in which it ordered further proceedings be had on the independence of the auditor, Ms. Edgcombe. It was clear from the Court's remarks then that it was treating this matter as one settled pursuant to the Mediated Settlement Agreement. (*See* Dkt. no. 113, which quotes from the transcript of this proceeding).

By Order entered May 22, 2007, the Magistrate Judge noted that Herman had once again engaged counsel. On May 30, 2007, the Magistrate Judge conducted an evidentiary hearing "on the issue of whether Ms. Lenore Lee Edgcombe's impartiality was compromised when she prepared an analysis dated September 2006 on records and information obtained solely from" plaintiff. In his Order entered June 13, 2007 (Dkt. no. 110), the Magistrate Judge found there was nothing in the record from which to question Ms. Edgecombe's impartiality,[1] and directed Ms. Edgecombe to meet with the Bank's representatives to review the Bank's records and submit a revised analysis. After the Bank's appeal, the Court affirmed the Magistrate Judge's Order on June 27, 2007.[2] (Dkt. no. 113) The Bank then filed a Notice of Appeal to the Third Circuit of the June 27, 2007

---

[1] Oddly, no party had called Ms. Edgecombe to testify at this hearing.

[2] The Bank had also challenged the Court's subject matter jurisdiction over the entire dispute. The Court found that it had jurisdiction.

*Ann Herman v. Bank of Nova Scotia, et al.*
Civil No. 2002-163
Report and Recommendation
Page 4 of 9

Order. The appeal was dismissed on November 16, 2007 "in accordance with the agreement of the parties." (Dkt. no. 118-1)

On January 28, 2008, Herman filed a motion (Dkt. no. 119) for a status hearing or alternatively seeking judgment in her favor. She asked the Court to accept Ms. Edgecombe's audit "since the parties had agreed on Ms. Edgecombe as the Auditor and to be bound by the Auditor's findings." The Magistrate Judge scheduled a status conference for February 5, 2008, but the docket does not reflect whether this conference took place. On March 20, 2008, the Court entered its Order of dismissal.

Notwithstanding the March 20, 2008 Order, the Magistrate Judge continued during the ensuing months to try to assist the parties in completing the audit required by the Mediated Settlement Agreement. On May 20, 2008, Herman filed a motion, purporting to respond to the March 20, 2008 Order, asking the Court to reopen the matter to address settlement. This motion was found to be moot. Thereafter, the Magistrate Judge continued to extend the deadline for the completion of the audit. On July 17, 2008, the Bank notified the Court it had received the updated audit from Ms. Edgecombe.

Herman also filed a document in response to receiving the auditor's report. (Dkt. no. 135) In it, she sought to renegotiate the settlement, based upon the auditor's findings.

The Bank, apparently still not satisfied with the audit report, sought and was granted leave to depose Ms. Edgecome regarding the audit. The deposition was continued several times. Finally, on October 9, 2008, the Bank submitted a "Notice" which attached a letter dated August 15, 2008 from Ms. Edgecombe purportedly withdrawing from any further involvement in this matter. (Dkt. no. 138-2)

On May 18, 2010, the Bank brought an action for debt and foreclosure against Herman and others in Superior Court, which was removed to this Court on June 17, 2010, and is docketed as Case No. 2010-cv-65.[3] That action involves the mortgage entered into in 2000 after settlement of the initial foreclosure action.

---

[3] That case is the subject of a motion to remand under of 28 U.S.C. § 1441(b), which prohibits removal of diversity actions by certain defendants.

*Ann Herman v. Bank of Nova Scotia, et al.*
Civil No. 2002-163
Report and Recommendation
Page 5 of 9

On July 29, 2010, after nearly two years of silence, new counsel filed an appearance for Herman in this matter. On August 24, 2010, plaintiff filed the instant motion seeking to vacate the March 20, 2008 Order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief.[4]

Rule 60 (c) requires that a motion under Rule 60(b) "must be made within a reasonable time," except that a motion based on the reasons listed in subsection (1) must be made not more than one year after the entry of the order from which the party is seeking relief.

Although a motion under Rule 60(b) is addressed to the sound discretion of the court[5], Rule 60(b) "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'"[6] "The remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'"[7]

Where a court has entered an order dismissing a matter because a settlement has been reached, the Third

---

[4] Fed. R. Civ. P 60 (c). Although plaintiff cites both reasons (1) and (6) in her motion as possible bases for relief, her reply makes clear that she is seeking relief only under Rule 60(b)(6). Indeed, under the circumstances presented, with the motion having been made almost two and one-half years after the entry of the March 20, 2008 Order, reason (6) is the only option currently available to plaintiff.

[5] *Mayberry v. Maroney*, 529 F.2d 332, 335 (3d Cir. 1976).

[6] *Martinez-McBean v. Government of the Virgin Islands,* 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted; reversing a ruling vacating a dismissal order entered two and one-half years earlier in a *pro se* matter as not presenting "exceptional circumstances," and because the motion had not been brought within a "reasonable time"*).*

[7] *Moolenaar v. Government of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citations omitted; where the reason for the attack upon the remand judgment was available for almost two years prior, the motion was not made within a reasonable time).

*Ann Herman v. Bank of Nova Scotia, et al.*
Civil No. 2002-163
Report and Recommendation
Page 6 of 9

Circuit has long held that such a dismissal order may not be reopened under Rule 60(b) unless the district court has specifically retained jurisdiction to enforce the settlement.[8] In *Sawka v. Healtheast, Inc.*,[9] the Third Circuit stated that "[r]elief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur (citations omitted). Those circumstances are simply not present here, since Sawka may file a separate action on the settlement agreement itself."[10] The *Sawka* Court held that "unless a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement . . . ."[11]

---

[8] See, e.g., *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 141(3d Cir. 1993).

[9] 989 F.2d 138 (3d cir. 1993).

[10] 989 F.2d at 140.

[11] *Id.* The United States Supreme Court unanimously confirmed these principles in *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994), when it found that a district court is without power to enforce a settlement agreement where it has not specifically retained jurisdiction to do so after it entered a dismissal based on the settlement, or somehow otherwise has incorporated the settlement into its order.

*Sawka* has consistently been followed in this Circuit. See, e.g., *Coppola v. Travelers Indemnity Co.*, 2009 U.S. App. LEXIS 5596, at *5-7 (3d Cir. March 10, 2009)(citing *Sawka* and involving a *pro se* party); *Drayton v. Superintendent*, 2007 U.S. App. LEXIS 13431 (3d Cir. June 7, 2007) (finding the court had not retained jurisdiction beyond the 60-day period in the dismissal order to set aside a settlement on *pro se* party's motion); *Amorosi v. Molino*, 2010 U.S. Dist. LEXIS 78140 (E.D. Pa. August 2, 2010)(breach of a settlement agreement does not qualify as an "extraordinary circumstance" under Rule 60(b)(6)); *Bridges v. Bureau of Prisons*, 2006 U.S. Dist LEXIS 86702 (M.D. Pa Nov. 30, 2006) (refusing to grant a motion to reopen two years after dismissal). See also *Christian v. All Persons*, 962 F. Supp. 676 (D.V.I. 1997)(citing *Sawka* and refusing to vacate a consent decree, even where there were terms to be performed in the future).

## ANALYSIS

Plaintiff's motion to vacate the March 20, 2008 Order dismissing this matter is premised on the notion that the parties did not in fact agree to settle this matter. A review of the Mediated Settlement Agreement executed by all parties -- while each was represented by counsel -- leads to the opposite conclusion. Although the Mediated Settlement Agreement was handwritten and left certain things in furtherance of the parties' agreement to be performed in the future, it was nonetheless an agreement to settle.[12]

As the procedural history of this case demonstrates, almost immediately after the Agreement was executed, plaintiff moved to set it aside, but then apparently changed her mind again and withdrew that motion. The parties then embarked on what the Court deems was a series of efforts aimed at fulfilling the conditions of the agreement they had entered into, including agreeing to and retaining an auditor in compliance with the Mediated Settlement Agreement, and getting the auditor to produce a report. Although plaintiff may have proceeded *pro se* though some of this post-settlement period, the record reflects that at a certain point she again retained counsel to assist. And, even when she was proceeding *pro se*, plaintiff very capably expressed to the Court her desires about the direction of the case.

Moreover, as late as January 2008 plaintiff was urging the Court to "accept" the audit "since the parties had agreed on Ms. Edgecombe as the Auditor and to be bound by the Auditor's findings." Such pleading certainly evidences plaintiff's understanding that an agreement had in fact been reached. Plaintiff merely sought the Court's assistance in getting the Bank to comply with its obligations under the Mediated Settlement Agreement.

This Court is thus compelled to conclude that the parties had entered into a settlement *agreement*, although one or more parties may not have complied with certain aspects of that agreement to the extent necessary to finally effect the *settlement*. While this may give rise to a cause of action for breach of or to enforce the Mediated Settlement Agreement, the case law is clear that these circumstances do not present the

---

[12] See *Christian v. All Persons*, 962 F. Supp. 676, 681 (D.V.I. 1997).

*Ann Herman v. Bank of Nova Scotia, et al.*
Civil No. 2002-163
Report and Recommendation
Page 8 of 9

"extraordinary" or "exceptional" situation that would entitle plaintiff under Rule 60(b)(6) to reopen the instant case, unless the Court has somehow retained jurisdiction to enforce the Agreement.[13] This the Court did not do.

Furthermore, as demonstrated in *Sawka* and the cases thereafter addressing this issue, plaintiff will not suffer "an extreme and unexpected hardship" if the dismissal is not vacated because she is not without remedy. She may seek relief by way of an action on the Mediated Settlement Agreement. And, as plaintiff points out, there already is another lawsuit pending, Case No. 10-cv-65, in which the issues of which she complains may be addressed.

Finally, there are two additional issues that warrant some mention. First, this Court need not reach the issue of whether this motion was brought within a "reasonable time" under Rule 60(c) because it finds that plaintiff has no basis for the motion under any prong of Rule 60(b) in the first instance. It is apparent from the cases decided in this Circuit and discussed above, however, that the passage of an excess of two years from the time of the Order to the time of the motion might well be deemed outside the realm of "reasonable."

Second, plaintiff urged in the alternative that the Court should hold an evidentiary hearing prior to deciding this motion. As an initial observation, neither Rule 60(b) nor the authorities applicable to this type of case mandate such a hearing. Further, the cases plaintiff cites in support of this requirement are limited in their application to their circumstances, where a decision on the merits was what was sought to be undone, rather than in a case like the instant one involving a settlement sought to be enforced. Further, plaintiff does not suggest what evidence she might offer and on what issues, nor does she provide any sworn statement on any issue relevant to the motion. The Court is thus satisfied that under the applicable authorities and in the context of this case, no such evidentiary hearing is required.

---

[13] The March 20, 2008 Order states that the Court retained jurisdiction for 60 days from the date of the Order to enforce settlement. Even if the Magistrate Judge's Order of May 20, 2008 purporting to extend the "dismissal date" to June 20, 2008 was effective to extend the 60-day period, such period still expired long before plaintiff's motion was filed in August 2010. Further, there is no indication that either plaintiff or the defendants ever sought to have the Court extend by further order the time for which it retained jurisdiction to enforce the settlement.

*Ann Herman v. Bank of Nova Scotia, et al.*
Civil No. 2002-163
Report and Recommendation
Page 9 of 9

      Because plaintiff's circumstances are not those under which the Court could grant relief pursuant to Federal Rule of Civil Procedure 60(b), it is hereby recommended that the motion to vacate the March 20, 2008 Order dismissing this case be DENIED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. Section 636(b)(1)(B); LRCi 72.3.

                                        S\_____
                                          **RUTH MILLER**
                                    **United States Magistrate Judge**